IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON,

    Plaintiff

vs.

DAUPHIN COUNTY PUBLIC
DEFENDER, *ET AL.*,

    Defendants.

: CIVIL NO. 1:CV-09-2066

: (Judge Caldwell)

*M E M O R A N D U M*

I.    *Introduction*

Plaintiff, Purnell Nelson, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Kenneth Rapp, the Dauphin County Public Defender; the office of the Dauphin County Public Defender; and the Commonwealth of Pennsylvania. Nelson has also requested in forma pauperis status. The Court will grant the latter request but dismiss the action as it fails to state a claim on which relief may be granted.

II.    *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss a case filed in forma pauperis if we determine that it "fails to state a claim on which relief may be granted." In applying this statutory requirement here, the court relies on the standard employed to

analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). That Rule authorizes dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

*III.    Background*

The complaint alleges the following. In May 2009, Nelson was arrested on a parole violation and placed in the Dauphin County Prison. While incarcerated Nelson was served with a warrant for an outstanding capias in Dauphin County. (Doc. 1, Compl.) On June 8, 2009, Nelson appeared before Magistrate Judge Michael Smith and "was denied

-2-

due process by the court, due Public Defender's failure to comply with rules of court by not notifying Plaintiff" that the Dauphin County Court had issued a warrant for his arrest. *Id.*

On July 22, 2009, Nelson was released from the prison only to be arrested on the capias and "illegally searched and seized of marijuana joint" and then illegally detained at the prison. *Id.* Plaintiff was held for possession of marijuana and possession of drug paraphernalia in violation of his probation. *Id.* Plaintiff attempted to have the charges dismissed based on the following grounds: lack of probable cause; illegal search and seizure; and an arrest without receiving *Miranda* warnings.[1] The Dauphin County Court of Common Pleas denied his request.

Nelson alleges the "Public Defender" violated his First, Fourth and Eighth Amendment rights by acting outside the scope of his employment when he failed to advise Plaintiff of the arrest warrant. Plaintiff seeks compensatory and punitive damages.

IV. *Discussion*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003).

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Plaintiff's civil rights claim against Rapp fails on the first element because it is well established that criminal defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law. *DeAngelo v. Brady*, 185 Fed. Appx. 173, 175-76 (3d Cir. 2006)(per curiam)(nonprecedential). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L.Ed.2d 509 (1981). Nelson thus cannot file suit against Rapp pursuant to 42 U.S.C. § 1983.

Nelson also fails to state a claim against the office of the Dauphin County Public Defender and the Commonwealth of Pennsylvania. First, there are no allegations against either of these two defendants, and it is obvious they have been named simply because of Plaintiff's grievance against Rapp.[2] Second, as to the Commonwealth, there is no claim as a state is not considered a "person" liable under § 1983. *Hafer v. Melo*, 502 U.S. 21, 26-27, 112 S.Ct. 358, 362-63, 116 L.Ed.2d 301 (1991). Therefore, Plaintiff's § 1983 claims against the Commonwealth of Pennsylvania and the Dauphin County Public Defender's office are legally frivolous and will be dismissed.

---

[2] Hence amendment would be futile as Plaintiff has no claim against Rapp.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 10, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON,

    Plaintiff

vs.

DAUPHIN COUNTY PUBLIC
DEFENDER, *ET AL.*,

    Defendants.

CIVIL NO. 1:CV-09-2066

(Judge Caldwell)

*O R D E R*

AND NOW, this 10th day of November, 2009, upon review of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), it is ordered that:

    1. Plaintiff's motion to proceed in forma pauperis (doc. 2) is granted.

    2. Plaintiff's complaint is hereby dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) as it fails to state a claim for which relief can be granted.

    3. Any appeal from this order would not be in good faith.

    4. The Clerk of Court shall close this file.

                                           /s/William W. Caldwell
                                           William W. Caldwell
                                           United States District Judge